[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff seeks to recover for personal injuries he suffered in a collision with the defendant University's trash truck. That vehicle was being operated by the defendant Ronnie L. Maebry on June 2, 1998, when the accident occurred.
The plaintiff testified that his vehicle was struck head on by the truck. He states Maebry was operating that vehicle with the fork arms down and extended so that, in effect, they "speared" his vehicle, entering through the windshield and ripping it from front to back.
Maebry denies this and states that he was making a left turn onto a side street with the forks in the upright position and that the plaintiff cut in front of him and proceeded to travel close to and past the front of the truck so that the "elbows" of the forks struck the roof of the plaintiffs car, ripping it back as the plaintiff proceeded. These elbows project forward of the truck's bumper.
The plaintiff claims he was already through the intersection when he was struck. of significance on this question of how the collisions occurred is a police diagram of the scene which the plaintiff admitted was accurate. This diagram (Exhibit A) shows the plaintiffs vehicle about half way through the intersection and the truck well into a left turn.
The court has also examined the various photographs of the two vehicles (Exhibits I through U).
From this physical evidence, the court cannot adopt the plaintiffs version of the collision. Rather, the photos and diagrams support the version of Maebry who describes the contact with plaintiffs vehicle as at the "elbows" of the forks. This would mean that the plaintiffs vehicle was crossing in front of the truck and the elbows did the damage, ripping the roof back.
Also, the plaintiff was positive that the damage to his vehicle on the driver's side, running the length of the vehicle and including the headlight, was incurred in this collision. That damage is inconsistent CT Page 12186 with a head on collision, but is consistent with Maebry's version — that the driver's side of plaintiffs vehicle scraped along the front of the truck, impacting the elbows as it proceeded.
The fact that the plaintiffs vehicle's hood and bumper escaped unscathed is also inconsistent with a head on collision. Even with the forks down, the truck's front end bumper would have reached the plaintiffs bumper and hood as the forks moved through the car. Further, the photos do not indicate that the two forks would fit inside the plaintiffs vehicle — one would pass to one side or the other. And finally, were that to have happened, the front to rear scraping damage to the driver's side is totally unexplained.
It is the conclusion of the court that the plaintiff has not sustained his burden of proof and judgment may enter for the defendants.
 Anthony V. DeMayo Judge Trial Referee